**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**FLINT DIVISION**

| | |
|---|---|
| JEFFREY SCHLUCKEBIER ) | |
| ) | |
| ) | |
| Plaintiff ) | CIVIL ACTION FILE |
| ) | NO.: |
| ) | |
| v. ) | |
| ) | |
| HURON & EASTERN RAILWAY ) | |
| COMPANY, INC, ) | |
| ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

## NATURE OF ACTION

1. The plaintiff brings this action against the defendant for violations of the Federal Railroad Safety Act, 49 U.S.C. 20109, *et. seq*.

## JURISDICTION

2. This Court has jurisdiction of this matter pursuant to the pertinent provisions of the Federal Rail Safety Act, 49 U.S.C. 20109(d)(3).

## THE PARTIES

3. The plaintiff in this action, Jeffrey Schluckebier, is a citizen of Bridgeport, Michigan.

4. The defendant, Huron & Eastern Railway Company, Inc., is a short line railroad operating 394 miles of track in the Flint/Tri-Cities area of the lower peninsula of Michigan, and certainly within the jurisdiction of this Court. Defendant may be served through its registered agent for service of process, The Corporation Company, 40600 Ann Arbor Rd. E, Suite 200, Plymouth, MI 48170.

## FACTS

5. At all times pertinent, Plaintiff was employed by Defendant within the meaning of 49 U.S.C 20109.

6. In 2018, Plaintiff was working as a welder for Defendant within the jurisdiction of this Court. On July 12, 2018, Plaintiff sustained a personal injury on the job when he struck his face on a piece of steel jutting from the back of his truck. He required eight stitches which meant that the injury was reportable to the Federal Railway Administration.

7. On July 20, 2018, Plaintiff was driving a company vehicle from Vassar to Saginaw. With him was company employee Ernest Martinez; Plaintiff was taking Mr. Martinez to his house so Mr. Martinez could get lunch. While driving to Saginaw, Plaintiff came up behind a car being driven erratically and at inconsistent speeds, and he elected to pass the vehicle, a Honda CR-V. As he passed the Honda, his company vehicle exceeded the posted speed limit by no more than five (5) miles per hour. Other than that, Plaintiff drove safely and within the speed limit the entire trip.

8. Upon stopping at Mr. Martinez's house in Saginaw, Plaintiff and Mr. Martinez were accosted by Defendant's supervisors Randy Perry and Derrick Mann. Mr. Mann and Mr. Perry accused Plaintiff of driving negligently and failing to abide by state motor vehicle codes. Both Plaintiff and Mr. Martinez denied that he had done that until Mr. Mann and Mr. Perry forced Mr. Martinez, through repeated questioning, to state that Plaintiff had exceeded the speed limit.

9. Pursuant to the collective bargaining agreement existing between the defendant and Plaintiff's union, the Brotherhood of Maintenance of Way Employees, Plaintiff was formally charged with such violations, see Exhibit 1, attached, and hearing was held in Vassar on

    August 23, 2018. By letter of September 20, 2018, Defendant informed Plaintiff that he was guilty of multiple rule violations relating to his operation of the motor vehicle and assessed him a ten (10) day actual suspension and an additional ten (10) days deferred suspension.

10. As a result of Defendant's actions, Plaintiff suffered various economic harms as well as mental and emotional pain and distress.

## FRSA CAUSE OF ACTION

11. Plaintiff adopts by reference each and every allegation of the Complaint as if it was set out herein.

12. Plaintiff engaged in protected activity when he reported his personal injury on July 12, 2018.

13. Defendant knew of Plaintiff's protected activity as referenced above.

14. Defendant took adverse action against Plaintiff, in whole or in part because of Plaintiff's protected activity, when it manufactured evidence against him, falsely accused him, and wrongfully investigated him and disciplined him. In so doing, Defendant acted with reckless disregard for the law and complete indifference to Plaintiff's rights under the FRSA.

15. On December 12, 2018, Plaintiff filed a complaint with the Occupational Safety and Health Administration Office in Tucker, GA, well within 180 days of the date that Plaintiff became aware of Defendant's adverse action taken against him.

16. The Office began its investigation, but more than 210 days passed from the date of Plaintiff's filing of his complaint with OSHA and, on July 15, 2019, Plaintiff exercised his right, pursuant to 49 U.S.C. 20109(d)(3), to terminate the OSHA investigation and file this action.

Wherefore, the premise considered, Plaintiff demands judgment for all relief necessary to make him whole, including but not limited to:

1. Lost income, with interest;
2. Compensatory damages for miscellaneous economic damages;
3. Compensatory damages for Plaintiff's mental and emotional distress;

4. Punitive damages;

5. Attorney's fees;

6. Special damages for costs incurred.

<u>PLAINTIFF DEMANDS TRIAL BY JURY</u>

**JonesGranger**

**HARRY B. BAILEY, III**
Georgia Bar Number 032105
1201 Peachtree Street, N.E.
400 Colony Square, Suite 200
Atlanta, GA 30361
(404) 870-9020
(404) 393-3770 facsimile
hbai@jonesgranger.com;

and

**Fraser, Trebilcock, Davis & Dunlap, P.C.**

*/s/ Aaron Davis*
**AARON DAVIS**
Michigan Bar Number P77406
124 W. Allegan Street, Suite 1000
Lansing, MI 48933
(517) 482-5800
(517) 482-0887 fascimile
adavis@fraserlawfirm.com